UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT WYATT                              CIVIL ACTION NO. 11-cv-0905

VERSUS                                    JUDGE WALTER

DAVID WADE CORRECTIONAL                   MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

**REPORT AND RECOMMENDATION**

Robert Wyatt ("Plaintiff") was convicted in state court of aggravated battery after he entered his ex-wife's home without permission, pushed her over an ice chest, and struck her across the head with a large souvenir glass mug. A multiple offender hearing was held, and Plaintiff was adjudicated a second felony offender. The trial judge imposed an enhanced sentenced of 18 years at hard labor, without benefit of probation, parole, or suspension of sentence. The appellate court affirmed the conviction but noted that the habitual offender statute under which Plaintiff was sentenced stated that the sentence shall be at hard labor "without benefit of probation or suspension of sentence." La. R.S. 15:529.1(G). The statute did not require that the sentence be served without benefit of parole, so the sentence was amended to delete the portion that denied the benefit of parole. State v. Wyatt, 57 So.3d 454 (La. App. 2d Cir. 2011).

Another Louisiana statute, La. R.S. 15:574.4(A)(1)(a), provides various rules for parole eligibility depending on criminal history and the nature of the conviction. One provision is: "A person convicted of a third or subsequent felony offense shall not be eligible

for parole." The Department of Corrections determined that the aggravated battery conviction was Plaintiff's fourth felony conviction, so it classified him as ineligible for parole consideration under Section 574.4(A)(1)(a). Plaintiff filed a grievance and argued that because he was adjudicated a second felony offender at his sentencing hearing the Department must consider him as such when determining parole eligibility. The grievance was denied, and Plaintiff filed this civil action.

Defendants responded with a Motion to Dismiss (Doc. 12), which the court noticed for briefing. Several weeks have passed, but Plaintiff has filed nothing. Defendants cite a decision by the Supreme Court of Louisiana that confronted a similar argument. The Court held that "the Department is not bound by the district court's adjudication of [a prisoner's] habitual offender status under La. R.S. 15:529.1 when the Department is making its calculations to determine parole eligibility under La. R.S. 15:574.4." Townley v. Department of Public Safety & Corrections, 681 So.2d 951 (La. 1996). Thus, Mr. Townley's second felony offender status at sentencing did not bind the Department from classifying him as a third offender ineligible for parole. The Fifth Circuit has cited Townley when dismissing a as frivolous a complaint similar to Plaintiff's. Brown v. Louisiana State Department of Corrections, 273 Fed. Appx. 400 (5th Cir. 2008). Defendants have demonstrated that Plaintiff's complaint does not state a claim on which relief may be granted.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 12)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE